UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH WISE,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATIONS, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-02139-KJM-JDP (PS)<br><br>SCREENING ORDER<br><br>ECF No. 1<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE AS FRIVOLOUS<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

**ORDER**

Plaintiff moves to proceed without prepayment of filing fees, ECF No. 2. Plaintiff's affidavit satisfies the requirements to proceed without prepayment of fees, *see* 28 U.S.C. § 1915(a), and so his motion, ECF No. 2, is granted.

**FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). It advances the theory that the Federal Bureau of Investigation ("FBI") is monitoring plaintiff. Plaintiff alleges that the FBI "hacked his computer and rendered it unusable" via the internet. ECF No. 1 at 1. Plaintiff complains that Xfinity, Microsoft, Google, Facebook, DoorDash, Roku, T-Mobile,

1

1   Vudu, Walmart, and Denny's restaurant are all working with the FBI, which he maintains is a
2   "terrorist group." *Id.* at 1-2.  He seeks 100 billion dollars in damages and a restraining order
3   against the government.  *Id.* at 10.
4       The court must dismiss any action filed in forma pauperis that is frivolous, malicious, fails
5   to state a claim upon which relief may be granted, or seeks monetary relief against a defendant
6   who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).  "Dismissal . . . is proper when the
7   complaint . . . lacks a cognizable legal theory . . . ."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th
8   Cir. 2013).  Further, a complaint is frivolous when it is "based on an indisputably meritless legal
9   theory" or when the factual allegations are "clearly baseless," "fantastic," or "delusional."
10  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Federal courts have dismissed unsupported
11  claims of FBI monitoring and hacking for failure to state a claim, lack of jurisdiction, and
12  frivolity.  *See, e.g.*, *Mcbride v. State of Fla.*, No. 1:20-CV-256-AW-GRJ, 2021 WL 849988, at
13  *2-3 (N.D. Fla. Feb. 4, 2021) (finding claims that the FBI hacked plaintiff's cell phone to steal his
14  valuable data were irrational and wholly incredible), report and recommendation adopted sub
15  nom. *McBride v. Fla.*, No. 1:20-CV-256-AW-GRJ, 2021 WL 843244 (N.D. Fla. Mar. 5, 2021);
16  *Bradley v. F.B.I.*, No. CIV.A. 13-0432 BAH, 2013 WL 1715370, at *1 (D.D.C. Apr. 19, 2013)
17  (dismissing a case where plaintiff alleged the FBI hacked his computer and internet service).
18      Here, similarly, there is no basis for jurisdiction over plaintiff's complaint and his
19  allegations are fantastic and delusional.  Leave to amend would be futile because the complaint is
20  frivolous.
21      Accordingly, I recommend that:
22      1. This case be dismissed without leave to amend.
23      2. All pending motions, ECF No. 3, be denied as moot.
24      I submit these findings and recommendations to the district judge under 28 U.S.C.
25  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
26  Eastern District of California.  Within 14 days of the service of the findings and
27  recommendations, the parties may file written objections to the findings and recommendations
28  with the court and serve a copy on all parties.  That document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE